GEORGE N. MORAN v. S. S. SMALL and Another.[1]

Nos. 10,384—(21).

April 30, 1897.

Appeal—Review of Evidence.

Evidence considered, and *held* sufficient to justify the finding of the trial court.

Action in the municipal court of Minneapolis against S. S. Small and E. A. Hutchins. There were findings in favor of plaintiff as against defendant Small, and in favor of defendant Hutchins, and from an order refusing a new trial, W. A. Kerr, J., plaintiff appeals. Affirmed.

*F. B. Hart,* for appellant.
*Geo. D. Emery,* for respondents.

BUCK, J. The trial court found the following facts in this case, and refused to find otherwise:

"That on or about the 8th day of June, 1895, the defendants entered into a contract with each other for the purpose of manufacturing and selling White gasoline filters, and for the further purpose of dealing in and handling the patent rights under which said gasoline filters were manufactured, and for no other purpose whatever, and, on or about said date, commenced doing business for the aforesaid purposes at room 47 Syndicate Block, in the city of Minneapolis, under the name of the White Gasoline Filter Company. That prior to said date, and, to wit, on the 5th day of June, 1895, defendant Small bought from plaintiff, and plaintiff sold to defendant Small, certain goods, wares, and merchandise, referred to and described in the complaint, at the

1 Reported in 70 N. W. 850.

agreed price of $246.75. That thereafter the said goods were delivered to said Small at the office of said company. That plaintiff, prior to the time of the delivery of said goods, did not know of the partnership existing between defendants. That said goods were bought by defendant Small individually, and were sold to him individually. That no part of the price of said goods has been paid except the sum of $75.80."

As conclusions of law, it is found as follows:

"The plaintiff is entitled to judgment against defendant Small for the sum of $170.95, with interest since June 15, 1895. That plaintiff is not entitled to recover judgment against defendant Hutchins. That defendant Hutchins is entitled to judgment that plaintiff take nothing by this action, and for his costs and disbursements herein."

The plaintiff contends that the trial court erred in its findings of fact and conclusions of law. While the evidence is in many respects in sharp conflict, and upon some points preponderates in favor of the appellant, yet we do not regard it so overwhelmingly against the weight of the evidence as to justify us in interfering with the finding of the judge of the trial court, who had the witnesses before him, and could thus better judge from their manner and appearance upon the stand as to their credibility. The action was commenced to recover the value of 925 filters, of the alleged value of $237.25, and some stationery, chairs, and a wood cut of the value of $9.50. The complaint alleges that these articles were sold in the month of June, 1895, to the defendants, as partners, under the name and style of the White Gasoline Filter Company. The defendant Hutchins answered, and denied all of the allegations of the complaint.

It appears that the bargain for the purchase of these articles was made between plaintiff and defendant Small, June 5, 1895, while the contract between defendants Small and Hutchins was dated June 8, 1895. The latter contract recited that they proposed to have certain filters manufactured and placed on the market, and were to sell the same, and also sell territorial rights for the manufacturing of the same, and that Small should superintend and manage the business, and devote such time and attention to said business as might be necessary, at the request of Hutchins, the expense of manufacturing and putting them upon the market and selling rights to be borne equally by them, and the profits to be equally divided between them, but neith-

er was authorized to incur any debts or expenses on behalf of said enterprise to an amount exceeding $100 without the written consent of the other first had and obtained. In this contract there is no reference to the articles sued for, nor any statement or recognition of any property then on hand owned or in possession of the parties. Its provisions all related to the future, and Hutchins' testimony is to the effect that, at the time of making the contract, he did not know anything about the filters sued for in this action. This testimony is corroborated by that of the plaintiff, who testified that he did not have any conversation with Hutchins about the filters until after their delivery, about the 16th or 17th of June, 1895.

Hutchins' contention is that he did not have anything to do with the purchase of these articles from plaintiff; that it was an individual matter of Small's; that the negotiations for their purchase was made before the making of the contract between Small and himself; that he never assumed or agreed to pay for them; that the delivery of these articles was made by Small's directions, as Small's individual purchase, in the absence of Hutchins, and never used in the joint enterprise; that whatever Hutchins did in the way of paying for them, or offering to pay, was to assist Small individually; that other bills were bought and paid for as needed; and that, when the filters were sold, Small had the benefit of them. Hutchins emphatically denied any knowledge of the bill of these articles until June 28, 1895, when Small showed them to him, and that he did not assume or agree to pay it; that the first he knew that the filters were at his office was June 28, 1895; that Small then said that he, Small, owed plaintiff for these filters; that he said to Small, "You better settle that bill, if it belongs to you to settle, because they did not want any question about their credit."

There was much more evidence given upon this question for and against, but, taken as a whole, in connection with the finding of the trial court, and from the fact that there was no reference to these filters in the contract between Small and Hutchins, wherein they agreed to enter into the manufacture of filters, and place them upon the market, and sell territorial rights, and restricting each party in incurring debts on behalf of the enterprise to $100, we think that the finding of the trial court ought not to be disturbed. As this finding is to the

effect that the goods were sold by the plaintiff to the defendant Small individually, and delivered to him personally, and that plaintiff did not know of the partnership existing between defendants until subsequent to the time Small bought the goods of plaintiff and their delivery to Small, we are relieved of the necessity of passing upon the legal question raised, viz. the liability of Hutchins, as the incoming partner of Small, for this indebtedness to plaintiff.

Order affirmed.